IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN VASQUEZ and JESSICA VASQUEZ | : : : | CIVIL ACTION |
| | : | No. 23-2731 |
| v. | : : | |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY a/k/a NATIONWIDE | : : : : | |

## **MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                       **September 27, 2024**

      Plaintiffs Edwin and Jessica Vasquez bring this action against Defendant Nationwide Property and Casualty Insurance Company ("Nationwide") for breach of contract and bad faith arising from Nationwide's denial of Plaintiffs' claim for underinsured motorist ("UIM") benefits under their automobile insurance policy with Nationwide. Nationwide argues Plaintiffs waived UIM coverage on the policy and are not entitled to benefits as a result. Plaintiffs argue the UIM waiver does not apply to the policy they now seek coverage under.

      The parties have filed cross-motions for summary judgment. There is no dispute Plaintiffs waived UIM coverage on the initial policy. The dispute is whether the UIM waiver applies to the operative policy Plaintiffs seek coverage under. To answer this question, the Court must determine whether the operative policy is a renewal of the initial policy or an entirely new policy under Pennsylvania law. If it is a renewal, the UIM waiver applies and Plaintiffs may not claim UIM benefits. If it is a new policy, the UIM waiver does not apply and Plaintiffs are entitled to UIM benefits. Because the scope of coverage and limits of the operative policy is the same as the initial policy, the Court concludes it is a renewal. Accordingly, the Court will grant Nationwide's motion on all claims and deny Plaintiffs' motion on all claims.

**BACKGROUND**

On March 13, 2021, Plaintiffs Edwin and Jessica Vasquez were injured in a car accident with an underinsured driver. Am. Compl. ¶¶ 6-9, ECF No. 6. Plaintiffs later submitted a claim for UIM benefits under their automobile insurance policy with Nationwide. *Id*. ¶¶ 57-60. Nationwide denied the claim on the ground that Plaintiffs did not have UIM coverage under the policy. *Id*. ¶¶ 64-65. Plaintiffs filed this lawsuit as a result of the denial.

From October 1, 2015, to October 1, 2020, Plaintiffs had an auto policy with Nationwide with the policy number 5837G056552 ("056 Policy"). *See* Def.'s Ex. Summ. J., ECF No. 17-5 at 3; ECF No. 17-7. Under the 056 Policy, Plaintiffs rejected UIM coverage by signing a valid waiver form and did not pay UIM premium. Def.'s Ex. Summ. J., ECF No. 17-6. During this period, Plaintiffs renewed their policy every six months—maintaining the same policy number. *See* ECF No. 17-7.

Effective October 1, 2020, the policy number changed to 5837J2900090 ("290 Policy") because of Nationwide's One Product initiative. *See* Def.'s Ex. Summ. J., ECF No. 17-3 at 23. According to Nationwide, as part of its One Product initiative, it issued "auto policies to existing insureds with new policy numbers, as renewals, without the need to obtain all new forms." Def.'s Summ. J. Br. at 2, ECF No. 17-1. Nationwide maintains it obtained approval of the Pennsylvania Insurance Department ("Department") to issue One Product policies as "renewal" policies. Def.'s Ex. Summ. J., ECF No. 17-9 at 12; *see* ECF No. 17-10 at 1-3. Prior to changing the policy number, Nationwide sent a notice of a "policy renewal" to Plaintiffs informing them of the impending change. ECF No. 17-3 at 23-26.[1] In that notice, Nationwide included the following message:

---

[1] The document was prepared on July 28, 2020, to notify Plaintiffs of their policy for October 1, 2020, to April 1, 2021. *Id*. at 25.

> **IMPORTANT MESSAGES: Please be advised that this policy does not provide protection against damages caused by uninsured and/or underinsured motorists on one or more vehicles listed below.**

*Id*. at 25. Plaintiff Edwin Vasquez acknowledged receiving notice of the policy number change. Pl's Ex. Summ. J., ECF 20-4 at 16.[2] On the day of the accident, the 290 Policy was in place. *See* Pl.'s Ex. Summ. J., ECF No. 21-2 at 1-3.

Plaintiffs assert the 290 Policy is a new policy, and, as a result, the signed UIM waiver form does not apply to the 290 Policy. Pl.'s Summ. J. Br., ECF No. 21 at 9-10. To support this assertion, Plaintiffs point to the differences in the declaration pages for the two policies. *Id*. at 16-17. Plaintiffs claim the 209 Policy declaration is missing language about UIM coverage. *Id*. They note the 056 Policy declaration page has line items for "Uninsured Motorists-Bodily Injury" and "Underinsured Motorists-Bodily Injury" with "Rejected" next to both. Pl's Ex. Summ. J., ECF No. 20-1 at 6. The 290 Policy declaration page does not. Pl's Ex. Summ. J., ECF No. 20-2 at 6. Nationwide asserts the 290 Policy is a renewal because the substance of the policy remains the same.[3] Def.'s Summ. J. Br., ECF No. 17 at 8-10.

This case was removed to the Court on July 18, 2023. After the Court denied Nationwide's motion to dismiss the amended complaint on October 19, 2023, the following claims proceeded to

---

[2] In his deposition, Plaintiff Edwin Vasquez stated, "I received an email from Nationwide the summer of 2020 stating that my policy was getting changed. And then a few months later, I did receive another email stating—well, not stating, but showing that my policy number did change." *Id*.

[3] Nationwide also argues the Court must give substantial deference to the Department's approval of the 290 Policy "as a renewal policy." Def.'s Opp'n., ECF No. 23 at 9. Deference only applies when there is statutory ambiguity. *Crown Castle NG E. LLC v. Pa. Pub. Util. Comm'n*, 234 A.3d 665, 677 (Pa. 2020) ("A court does not defer to an administrative agency's interpretation of the plain meaning of an unambiguous statute because statutory interpretation is a question of law for the court."). The Department applied statutes to facts rather than interpret the meaning of statutes. No such deference is required here.

discovery: (I) breach of contract and (II) bad faith under Pennsylvania law. The parties now move for summary judgment.

**STANDARD OF REVIEW**

A court must grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." *Id*. at 248. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id*. at 247-48.

To defeat summary judgment, "a nonmoving party must adduce more than a mere scintilla of evidence in its favor . . . and cannot simply reassert factually unsupported allegations contained in its pleadings[.]" *Williams v. Borough of W. Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989). When considering a motion for summary judgment, the court must "view all facts in the light most favorable to the non-moving party and draw all inferences in that party's favor." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Where, as here, cross-motions for summary judgment are filed, "the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016) (alteration, quotation marks, and citation omitted).

**DISCUSSION**

The dispute centers on whether the 290 Policy is a new policy or a renewal of the 056 Policy. Plaintiffs argue it is a new policy because it has a new policy number and lacks the language regarding the rejection of UIM coverage that appears in the declaration pages of the 056 Policy. Pl.'s Opp'n. Br., ECF No. 20 at 34-36. As a result, Nationwide was required to obtain a new UIM rejection. *Id*. at 27. Nationwide argues the 290 Policy is a renewal because the substance of the Policy—its scope of coverage and limits—is the same as the 056 Policy. ECF No. 23 at 8. According to Nationwide, it was only required to notify Plaintiffs that the 290 Policy did not provide UIM coverage. *Id*. at 11.

Pennsylvania requires insurers to offer UIM coverage under an insurance policy. 75 Pa. Cons. Stat. § 1731(a); *Ford v. Am. States Ins. Co.*, 154 A.3d 237, 238 (Pa. 2017). An insured may decline and opt out of UIM coverage by signing a valid rejection form. *Mid-Century Ins. Co. v. Werley*, Civ. No. 23-1822, 2024 WL 4049221 at * 1 (3d Cir. Sept. 5, 2024) (citing § 1731). An insured's valid waiver of UIM coverage remains in effect throughout the lifetime of the policy, including renewals, until affirmatively changed by the insured. *See, e.g.*, *Koch v. Progressive Direct Ins. Co.*, 280 A.3d 1060, 1068-1069 (Pa. Super. Ct. 2022); *Smith v. Hartford Ins. Co.*, 849 A.2d 277, 280 (Pa. Super. Ct. 2004) (citing 75 Pa. Stat. and Cons. § 1791).[4] In the absence of a valid rejection form, "the insurer must provide UM/UIM coverage 'equal to the bodily injury liability limits.'" *Alcedo v. State Farm Mut. Auto. Ins. Co.*, 391 F. Supp. 3d 452, 455 (E.D. Pa. 2019) (quoting § 1731(c)(1)). The parties agree that Plaintiffs waived UIM coverage for the 056

---

[4] In applying Pennsylvania substantive law in this diversity action, the Court looks first to decisions of the Supreme Court of Pennsylvania. If no Pennsylvania court has addressed the precise issue in a reported decision, the Court must predict how the Pennsylvania Supreme Court would interpret the relevant provisions of the Pennsylvania statute. *See Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000). In so doing, a federal court can give due regard, but not conclusive effect, to the decisional law of lower state courts. *Id*.

Policy by signing a valid rejection form. Whether this valid waiver applies to the 290 Policy depends on whether the 290 Policy is a renewal.

A renewal policy is a policy "which supersedes a policy previously issued and delivered by the same insurer or affiliated insurer and which provides types and limits of coverage at least equal to those contained in the policy being superseded[.]" 40 Pa. Stat. Ann. § 991.2001. A review of the policy declarations of the two policies at issue here shows that the scope of coverage and limits remain the same. *Compare* ECF 20-1 at 6 (056 Policy), *with* ECF 20-2 at 6 (290 Policy). Both policies provide coverage for "Bodily Injury Liability" with a liability limit of $50,000 per person and $100,000 per occurrence. *Id*. Both policies provide coverage for "Property Damage Liability" with a liability limit of $50,000 per occurrence. *Id*. Both policies provide coverage for "Medical Benefit," "Accidental Death Benefit," and "Funeral Benefit" with liability limits of $5,000, $10,000, and $1,500 respectively. *Id*. And both policies provide "Comprehensive" and "Collision" coverage with a limit of "Actual Cash Value Less $500." *Id*. Notably, neither policy charges a premium for UIM coverage. *Id*. The premium for each listed coverage is roughly the same across both polices with a total monthly premium of $1,032.20 for the 056 Policy and $1,024.08 for the 290 Policy. *Id*. The change in policy number and the lack of language stating that UIM coverage is "Rejected" do not amount to a reduction in the "types and limits of coverage."[5] § 991.2001. Accordingly, the 290 Policy is a renewal of the 056 Policy under § 991.2001.

---

[5] This case is thus distinguishable from *Eric McGuire, Jr., v. Nationwide Affinity Insurance Company of America*, Civ. No. 23-1347, 2024 WL 4150098 (W.D. Pa. Sept. 11, 2024), in which another district court in this circuit considered whether a Nationwide One Product policy was a new policy or a renewal. In *McGuire*, the court, applying § 991.2001, concluded the One Product policy was a new policy because it "reduce[d] coverage previously available under" the initial policy. *Id*. at *7. The insured presented factual scenarios illustrating the reduction of coverage, and

In issuing a renewal, Nationwide was still required to comply with certain statutory requirements for the UIM waiver to remain valid. "On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists." 75 Pa. Cons. Stat. § 1731(c.1).  Prior to the October 2020 renewal, Nationwide sent Plaintiffs a notice informing them of the policy number change—which Plaintiffs acknowledged they received. ECF No. 17-3 at 23-26; ECF 20-4 at 16. In that notice, Nationwide advised Plaintiffs, in prominent bold font, that the policy did not include UIM coverage. ECF No. 17-3 at 25. Accordingly, Plaintiffs' UIM waiver is valid under the 290 Policy because Nationwide provided Plaintiffs the required notice under § 1731(c.1).

The bad faith claim also fails. Under Pennsylvania law, an insurer is liable when it "has acted in bad faith toward the insured." 42 Pa. Cons. Stat. § 8371. To state a claim for bad faith, a plaintiff must allege (1) "the insurer did not have a reasonable basis for denying benefits under the policy" and (2) "the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). "[A]ny frivolous or unfounded refusal to pay proceeds of a policy" constitutes bad faith. *Grossi v. Travelers Pers. Ins. Co.*, 79 A.3d 1141, 1148 (Pa. Super. Ct. 2013); *see also Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999) (holding "bad faith is a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured."). As discussed above, the Court finds Plaintiffs' UIM rejection form applies to the 290 Policy because it is a

---

the court determined the scope of coverage was reduced based on the scenarios. *Id*. at *7-10. No such showing has been made in this case.

7

renewal. Thus, Nationwide had a reasonable basis to deny Plaintiffs' claim for UIM benefits under the policy. Accordingly, Plaintiffs' bad faith claim fails.

**CONCLUSION**

In sum, because the 290 policy is renewal of the 056 policy, Plaintiffs were not entitled to UIM benefits under the 290 Policy. Nationwide did not breach the policy nor act in bad faith in denying Plaintiffs' UIM claim. Accordingly, Nationwide's motion is granted and Plaintiffs' motion is denied.

An appropriate Order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.